UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY JAMES JOHNSON,

        Plaintiff,

v.                                            Case No. 23-cv-557-pp

MICHAEL MISNER, OFFICER PHILLIP BRISKI,
OFFICER JENKINS and OFFICER BOWE,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Timothy James Johnson, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants used excessive force against him. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On May 3, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $13.80. Dkt. No. 5. The court received that fee on May 12, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names as defendants Michael Misner, Captain Phillip Briski and correctional officers Jenkins and Bowe. Dkt. No. 1 at 1–2. The plaintiff alleges that on February 12, 2021, he was in a restraint belt and was handcuffed while Briski, Jenkins and Bowe escorted him from the property room to his cell. Id. at ¶6. He says that Jenkins and Bowe were holding his elbows, and Captain Briski "attacked [him] from behind and began to choke [him] and cover[] [his] eyes." Id. at ¶7. He alleges that Jenkins, Bowe and Briski then placed him in a restraint chair, and Briski "began to choke [him] again until [he] passed out." Id. at ¶8. The plaintiff says the officers later took him to

3

his cell, where he requested medical treatment. Id. at ¶9. He says prison staff took pictures of his injuries, and staff from the Health and Psychological Services Units "were made aware of [his] injuries." Id.

The plaintiff claims that the defendants violated his rights under the Eighth Amendment. Id. at ¶¶11–13. He seeks compensatory and punitive damages against each defendant. Id. at ¶¶14–15.

C.  Analysis

The complaint does not allege where the defendants worked or where the events occurred. But the Wisconsin Department of Corrections website shows that Michael Meisner (the correct spelling of his last name) is the Warden at Fox Lake Correctional Institution. See Fox Lake Correctional Institution, https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/FoxLakeCorrectionalInstitution.aspx. The DOC's Offender Detail page shows that the plaintiff was incarcerated at Fox Lake in February 2021, which is when he alleges these events occurred. See https://appsdoc.wi.gov/lop/details/detail (DOC #535296). He was transferred to Oshkosh on August 3, 2022. Id. The court infers that the events the plaintiff describes occurred at Fox Lake and that the defendants are employed there or were employed there in February 2021.

The Eighth Amendment protects a convicted incarcerated person from cruel and unusual punishments. See generally Wilson v. Seiter, 501 U.S. 294 (1991). "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v.

McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). An Eighth Amendment claim consists of an objective and subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In the context of a claim of excessive force, the plaintiff must show both that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" Hudson, 503 U.S. at 8 (quoting Wilson, 501 U.S. at 298, 303). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6 (citing Whitley, 475 U.S. at 320–21).

The complaint provides little information about the context of the defendants' alleged actions. The plaintiff says the officers were escorting him while he was in handcuffs and a restraint belt. He alleges that, seemingly without provocation or reason, Captain Briski attacked him from behind and choked him. The plaintiff does not explain the extent of any injuries he suffered, but he says he passed out from being choked and later required treatment from both the Health Services Unit and the Psychological Services unit. That suggests he may have suffered physical and emotional or psychological effects from the attack. The court finds that these allegations are sufficient to allow him to proceed against Captain Briski on an Eighth Amendment claim of excessive force.

The complaint is not clear whether Officers Jenkins and Bowe attempted to stop Briski's attack or intervene, but the plaintiff says that they held his

elbows before Briski attacked him and later helped escort him to a restraint chair for further attack. That suggests they may have aided in the attack sufficient to be liable. Even if they did not, the officers may be liable as bystanders to the attack because the plaintiff's allegations suggest they "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." Lewis v. Downey, 581 F.3d 467, 472 (7th Cir. 2009) (citing Chavez v. Ill. State Police, 251 F.3d 612, 652 (7th Cir. 2001), and Harper v. Albert, 400 F.3d 1052, 1064 (7th Cir. 2005)). The plaintiff's allegations that Jenkins and Bowe held him when Briski attacked him and later helped restrain him are at least sufficient to proceed against the officers as culpable bystanders, if not willing participants in the attack.

The plaintiff may not proceed against Warden Meisner. Section 1983 requires that a defendant be personally involved in an alleged deprivation to be liable. Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). The complaint does not allege that Meisner was involved in the attack or even present when it occurred. He says only that Meisner had "knowledge of the use of excessive force [that] was used on an inmate in his care and [that] his subordinates did these acts under his supervision." Dkt. No. 1 at ¶13. Under §1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates." Iqbal, 556 U.S. at 676. A plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.; see Day v. Subsecretario del Sistema

Penitenciario Federal, 838 F. App'x 192, 193 (7th Cir. 2021) ("Supervisors are responsible for what they do themselves, not for what their subordinates do."). The complaint does not allege any facts indicating that Meisner knew about the attack before it happened, that he allowed or condoned the attack or that he witnessed it happen and failed to intervene. The complaint suggests only that Meisner was notified of the attack after the fact. That is not enough to hold him liable for the officers' action. The court will dismiss Meisner.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant Michael Misner.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Phillip Briski, Officer Jenkins and Officer Bowe at Fox Lake Correctional Institution. Under the informal service agreement, the court **ORDERS** those defendants to respond to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$336.20** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**